IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **COMPLAINT AND JURY TRIAL DEMAND** |
| MJM MANAGEMENT COMPANY | ) ) ) | |
| Defendant | ) ) | |

## NATURE OF THE ACTION

This is an Action under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e, et seq), ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices that discriminate on the basis of National Origin, Hispanic, and to provide appropriate relief to Carlos Gonzalez and other similarly situated persons. As articulated with greater particularity in Paragraphs 7 and 8 below, the Commission alleges that Mr. Gonzalez is employed by the Defendant.

During his employment he and other employees of Hispanic National Origin have been paid lower wages then Caucasian employees. The Defendant has also failed and refused to promote Mr. Gonzalez because of his National Origin.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the Agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f) (1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant MJM Management Company (the "Employer") has continuously been an Ohio corporation doing business in the State of Ohio and City of Elyria and has continuously had at least 15 employees.

5. At all relevant times, Defendant, Employer, has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. § 2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to institution of this lawsuit, Carlos Gonzalez filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this suit have been fulfilled.

7.  Since at least on or about September 12, 2005, Defendant Employer has engaged in unlawful employment practices in Elyria, Ohio, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

> a) Carlos Gonzalez was hired in July' 2004 as an employee of the Defendant and was and is employed as a Maintenance Worker at the Westway Garden Apartments. Westway is one of several apartment complexes managed by the Defendant. Mr. Gonzalez's initial wage rate was $9.50 per hour. He currently earns $11.50 per hour.
>
> b) William Rosado, also of Hispanic National Origin, was hired by the Defendant as a Maintenance Worker at the Westway Garden Apartments in October' 2005. Mr. Rosado's starting rate of pay was $10.00 per hour. He currently earns $11.00 per hour.
>
> c) The Defendant hired a Caucasian person as a Maintenance Worker at the Westway Garden Apartments in September'2005. This person, who had less experience and qualifications than either Mr. Gonzalez or Mr. Rosado, was paid a starting rate of $13.00 per hour.

8.  Since at least September, 2005 the Defendant has engaged in unlawful employment practices in Elyria, Ohio, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2. Defendant has failed and refused to promote Carlos Gonzalez to a Maintenance Supervisor's position at the Westway Garden Apartments, because of his National Origin, Hispanic. Defendant instead, promoted a less qualified Caucasian employee to that position. When that person was removed from the position because of poor performance the Defendant again refused to promote Mr. Gonzalez and to the present

has failed and refused to promote him to a Maintenance Supervisor position.

9. The unlawful practices complained of in Paragraphs 7 and 8 above were intentional.

10. The unlawful employment practices complained of Paragraphs 7 and 8 were undertaken with malice and/or reckless indifference to the federally protected rights of Carlos Gonzalez and others.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating against individuals by the implementation of practices and policies which discriminate on the basis of National Origin, Hispanic.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for persons regardless of National Origin and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to immediately promote Carlos Gonzalez to a position as a Maintenance Supervisor at the Westway Garden Apartments.

D. Order Defendant Employer to make whole Carlos Gonzalez, William Rosado and others, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employer to make whole Carlos Gonzalez, William Rosado and others similarly situated, by providing compensation for past and future pecuniary losses, in amounts to be proven at trial.

F. Order Defendant Employer to make whole Carlos Gonzalez, William Rosado and others similarly

situated by providing compensation for non-pecuniary losses in amounts to be proven at trial.

G. Grant an Order assessing punitive damages against Defendant Employer for its malicious and reckless conduct described herein above in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

RONALD S. COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
Washington, D.C.

JACQUELINE McNAIR
Regional Attorney
Philadelphia District Office
801 Market Street, Penthouse Suite
Philadelphia, PA 19106
jacqueline.mcnair@eeoc.gov

_____
C. Larry Watson
Associate Regional Attorney
Registration No. 0031443
larry.watson@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Cleveland Field Office
Anthony J. Celebrezze Office Building
1240 East Ninth Street   Suite 3001
Cleveland, Ohio  44199
(216) 522-7455
(216) 522-7430 fax